# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

DAVID BEASLEY

    Plaintiff,

vs.

WILLIAM H. HOWARD

    Defendant.

Civil Action No. 1:19-cv-11058-JBS-KMW

---

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE A RESPONSE TO PLAINTIFF'S MOTION TO VACATE

---

Frank A. Natoli
NATOLI-LEGAL, LLC
305 Broadway, 7th Floor
New York, NY 10007
(212) 537-4437
Frank@LanternLegal.com

Moshe D. Lapin
(Admission *pro hac vice* pending)
LAPIN LAW FIRM
300 E. Lombard Street
Suite 840
Baltimore, MD 21202
(212) 858-0363
Moshe@LapinLegal.com

*Attorneys for William H. Howard*

## **TABLE OF CONTENTS**

INTRODUCTION AND
     PROCEDURALHISTORY………………………………………….………1

ARGUMENT……………………………………………………………………….4

    I.     PLAINTIFF'S CLAIMS ARE PRECLUDED BY
           THE DOCTRINE OF RES JUDICATA……………………………...4

          A.     Preclusion applies to administrative agency decisions..……….4

          B.     Plaintiff's claims are precluded because there is an "essential
                  similarity of the underlying events giving rise to the various
                  legal claims"……..…………..………………………………..5

    II.    PLAINTIFF RAISES NEW CLAIMS IN HIS RESPONSE
           AND THEY SHOULD BE DISMISSED …...…………………….……7

    III.   CONCLUSION…………………………………..………..……8

i

# TABLE OF AUTHORITIES

**Federal Case**

*B&B Hardware, Inc. v. Hargis Indus., Inc.*,
 135 S.Ct. 1293, 1303, 191 L.Ed.2d 222 (2015)……………………..……5, 7

*Corestates Bank, N.A. v. Huls Am., Inc.*,
 176 F.3d 187 (3d Cir. 1997)……………………………………….………..6

*In re Mullarkey*,
 546 F.3d 215 (3d Cir. 2008)………………………………………………6

*United States v. Athlone Indus., Inc.,*
 746 F.2d 977 (3d Cir. 1984)……………………………………………3, 6

## INTRODUCTION AND PROCEDURAL HISTORY

Defendant filed his Motion to Dismiss on June 11, 2019 based on (i) claim and issue preclusion resulting from two prior agency proceedings at the Trademark Trial and Appeal Board ("TTAB") and (ii) the fact that Defendant's trademark has been registered for more than five years and is not subject to cancellation. (Dkt. 8). Plaintiff's response was due July 1, 2019. But no response was filed by that date. Instead, on July 3, 2019, Plaintiff filed a "Motion to Vacate". Plaintiff's July 3rd motion is effectively a response brief, as the title of the document makes clear: "NOTICE OF MOTION IN OPPOSITION OF DEFENDANT'S MOTION TO DISMISS CONPLAIN."

Plaintiff's claims have twice been fully and finally adjudicated against Plaintiff at the United States Trademark Trial and Appeal Board ("TTAB"). Plaintiff's claims are barred by the doctrines of *Res Judicata* (claim preclusion) and *Collateral Estoppel* (issue preclusion). The basis for Plaintiff's claim in this case is fundamentally the same as the ones already adjudicated – namely, trademark fraud and trademark infringement.

Plaintiff's response consists of more than 20 pages of argument. Of the 20+ pages, only *one paragraph* touches upon issue or claim preclusion. (See Dkt. 10, Page 4, ¶ 1) No other arguments in Plaintiff's response even remotely address or respond to the preclusion issue. Even that one relevant paragraph is bare. Plaintiff

merely states that "[t]his is not the same cause of action addressed to the United States Patent and Trademark Office (USPTO) or that which was decided by the Trademark Trial and Appeal Board (TTAB). And therefore res judicata and collateral estoppel is totally moot." (Dkt. 10, Page 4) Plaintiff, however, provides absolutely no basis for his assertions that the cause of action is different, and he completely ignores the fact that an issue or claim need not have been actually litigated as long as it *could* have been litigated in the prior proceeding. *In re Mullarkey*, 546 F.3d 215, 225 (3d Cir. 2008) (res judicata bars "not only claims that were brought in a previous action, *but also claims that could have been brought*.") (emphasis added).

Plaintiff notes that he seeks monetary damages in this case. To the extent that he uses that as a basis for arguing that this cause of action is different from the prior proceedings, there are several problems. First, Plaintiff is in fact seeking similar remedies to the ones obtainable at the TTAB, namely, the cancellation of Defendant's trademark registration. Second, throughout the response Plaintiff emphasizes that the monetary damages he seeks are ***not*** for trademark infringement but for royalty theft. Perhaps this is what Plaintiff refers to when he states that "this is not the same cause of action." (See Dkt. 10, Page 4, ¶2 ("The plaintiff is seeking a judgement for monetary damages . . . regardless of the trademark issue."); Dkt. 10, Page 7, bottom of the page ("THIS IS NOT AN ISSUE OF A TRADEMARK,

BUT AN ISSUE OF THEFT BY DECEPTION"); Dkt. 10, Page 14) . Finally, and most importantly, although it is true that the TTAB cannot award damages, the award of monetary damages is a remedy; it is not a cause of action.

Regardless of the remedy Plaintiff seeks, the underlying bases for such damages have been (or at least *could* have been) previously litigated in *David S. Beasley v. William H. Howard DBA The Ebonys*, Cancellation No. 92057071 (2014 WL 7336473 Trademark Tr. & App. Bd. (Dec. 9, 2014)) (referred to in this brief as the **"First Action"**) and in *David S. Beasley v. William H. Howard DBA The Ebonys*, Cancellation No. 92066369 (2018 WL 529919 Trademark Tr. & App. Bd. (Jan. 19, 2018)) (referred to in this brief as the **"Second Action"**). For purposes of claim preclusion, two cases arise from the same cause of action if there is "an essential similarity of the underlying events" of both cases. *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984). The events that Plaintiff lays out in this action are substantively the same as the ones he laid out in the First Action and the Second Action. Only the label has conveniently changed.

Furthermore, Plaintiff for the first time raises claims that Defendant stole royalties owed to Plaintiff. (Dkt. 8, Page 4, ¶2, 4"). These allegations were not contained, or even hinted at, in Plaintiff's complaint. The theft allegations are also state law allegations, the adjudication of which properly belongs in state court, not this federal court.

# ARGUMENT

## I. PLAINTIFF'S CLAIMS ARE PRECLUDED BY THE DOCTRINE OF RES JUDICATA

### A. Preclusion applies to administrative agency decisions

The Supreme Court, in a procedurally similar case to this one, has made clear that preclusion applies to TTAB decisions. *B & B Hardware, Inc. v. Hargis Industries, Inc.*, 135 S.C. 1293 (2015). As the Court noted:

> Both this Court's cases and the Restatement make clear that issue preclusion is not limited to those situations in which the same issue is before two *courts*. Rather, where a single issue is before a court and an administrative agency, preclusion also often applies. Indeed, this Court has explained that because the principle of issue preclusion was so "well established" at common law, in those situations in which Congress has authorized agencies to resolve disputes, "courts may take it as given that Congress has legislated with the expectation that the principle [of issue preclusion] will apply except when a statutory purpose to the contrary is evident." *Astoria, supra,* at 108, 111 S.Ct. 2166. This reflects the Court's longstanding view that "'[w]hen an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose.'" *University of Tenn. v. Elliott,* 478 U.S. 788, 797–798, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986) (quoting *United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966)); see also *Hayfield Northern R. Co. v. Chicago & North Western Transp. Co.,* 467 U.S. 622, 636, n. 15, 104 S.Ct. 2610, 81 L.Ed.2d 527 (1984) (noting *Utah Construction* ); *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 484–485, n. 26, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) (characterizing *Utah Construction*'s discussion of administrative preclusion as a holding); Restatement (Second) of Judgments § 83(1), at 266 (explaining that, with some limits,

> "a valid and final adjudicative determination by an administrative tribunal has the same effects under the rules of res judicata, subject to the same exceptions and qualifications, as a judgment of a court").

*Id.* (emphasis in the original).

### B. Plaintiff's claims are precluded because there is an "essential similarity of the underlying events giving rise to the various legal claims"

Plaintiff asserts in his response that "[t]his is not the same cause of action" and that "therefore res judicata and collateral estoppel is totally moot." (Dkt. 10, Page 4). In the more than 20 pages of argument, Plaintiff fails to explain why he believes the cause of action here is different from the prior TTAB proceedings. While it is true that Plaintiff is seeking monetary damages here (albeit for the royalty theft and not the trademark claims), damages are remedies, not claims or causes of action and they do not have the effect of changing the underlying causes of action. Were this not so, claim preclusion would have no teeth – a party would easily circumvent its effects by adding or changing the remedies sought.

But even if the Court finds for some reason that the trademark cause of action in this case is genuinely different from the prior TTAB proceedings, claim preclusion would nevertheless apply here to preclude the trademark claim. For claim preclusion to apply, the cases at issue need to arise from the same cause of action. The courts in this Circuit hold that two cases arise from the same cause of action if there is "an essential similarity of the underlying events" of both cases.

5

*United States v. Athlone Indus.*, Inc., 746 F.2d 977, 984 (3d Cir. 1984). That is, claims need not be identical in the two suits for preclusion to apply so long as there is an "essential similarity of the underlying events giving rise to the various legal claims." *Corestates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir. 1997).

The facts and events, as Plaintiff laid them out in the First Action and Second Action, are substantively identical to what he lays out in this case. Like the prior TTAB proceedings, Plaintiff alleges that he was the original member and creator of the musical group The Ebonys, that Plaintiff has priority of use of the trademark, that Defendant had no right to use the name, and that Defendant prevented him from obtaining a registration. (Dkt. 1). In the First Action, Plaintiff used these allegations to claim trademark fraud; in the Second Action he used the same general allegations to claim infringement/confusingly similar trademarks; and in this action he is using the same general facts to claim some combination of trademark fraud and infringement. But there remains "an essential similarity of the underlying events" in all three cases. *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984). Preclusion therefore does apply to Plaintiff's trademark claim.

It is true that a plaintiff in federal court has more remedies available to it than before the TTAB, such as money damages, for example. Even so, the

6

Supreme Court has made clear that a district court is to give preclusion effect to TTAB decisions. *B & B Hardware, Inc. v. Hargis Industries, Inc.*, 135 S.C. 1293 (2015)

## II.  PLAINTIFF RAISES NEW CLAIMS IN HIS RESPONSE AND THEY SHOULD BE DISMISSED

For the first time, Plaintiff alleges in his response (in fairly great detail) that Defendant stole royalty payments that were payable to Plaintiff.  (Dkt. 10). Defendant respectfully submits that these claims should be disregarded. No royalty theft allegations were made or even hinted to in the complaint. In addition, to the extent that the Court finds that claim or issue preclusion applies to the trademark claim (or that Defendant's registration is not subject to cancellation because it has been registered for five years), such other *state law claims* would have no basis for jurisdiction in this Court.

7

## III.  CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court grant his motion to dismiss.

Dated: July 10, 2019

Respectfully submitted,

                                          Respectfully submitted,

                                          S/ Frank A. Natoli_____
                                          Frank A. Natoli
                                          NATOLI-LEGAL, LLC
                                          305 Broadway, 7th Floor
                                          New York, NY 10007
                                          (212) 537-4437
                                          Frank@LanternLegal.com

                                          Moshe D. Lapin (Admission *pro hac vice* pending)
                                          LAPIN LAW FIRM
                                          300 E. Lombard Street
                                          Suite 840
                                          Baltimore, MD 21202
                                          (212) 858-0363
                                          Moshe@LapinLegal.com

                                          *Attorneys for William H. Howard*

## **CERTIFICATE OF SERVICE**

I hereby certify that this REPLY was served on this 10th day of July, 2019, via U.S.P.S First Class Mail, upon Plaintiff at the following address:

**David Beasley**
**1105 Macarthur Drive**
**Camden, NJ 08104**

July 10, 2019


 s/ Frank A. Natoli
Frank A. Natoli
Natoli-Legal, LLC
305 Broadway, 7th Floor
New York, New York 10007
(212) 537-4436