UNITED STATES DISTRICT COURT
                         DISTRICT OF NEW JERSEY

---

DAVID BEASLEY,                          1:19-cv-11058-NLH-KMW

            Plaintiff,
                                        **OPINION**
      v.

WILLIAM H. HOWARD,

            Defendant.

---

**APPEARANCES**:

DAVID BEASLEY
1105 MACARTHUR DRIVE
CAMDEN, NEW JERSEY 08104

   *PRO SE*

FRANK NATOLI
NATOLI-LEGAL LLC
305 BROADWAY, 7th FLOOR
NEW YORK, NEW YORK 10007

   *On behalf of Defendant*

**HILLMAN, District Judge**

                              **BACKGROUND**

     This case stems from Plaintiff David Beasley's allegation that Defendant William Howard violated the Lanham Act when he obtained a Federal Registration for his trademark "THE EBONYS" on July 10, 2012. Beasley alleges that he was the original founder and creator of a singing group called "The Ebonys,"

which he created on January 25, 1969, in Camden, New Jersey. Beasley asserts that he had the group originally registered in New Jersey in 1969. Beasley states that more than 25 years later, he brought Howard, who is from Memphis, Tennessee, in as a temporary member of the group. Howard knew that Beasley had created the group.

Beasley asserts that Howard eventually left the group and on July 10, 2012, obtained a Federal Registration (No. 4170469) for his trademark THE EBONYS. Beasley alleges that Howard "deceived the trademark office by registering a trademark for [Beasley's] group the Ebonys that have been performing since [Beasley] started the group fifty years ago." [Docket No. 1, at 3.] He also alleges that Howard unsuccessfully "attempted to forge[] royalty ownership" to Beasley's music and "is now lying to audiences that he is founder of the original Ebonys." [Id. at 4.]

Beasley claims that Howard's actions violated Section 1125 of the Lanham Act.[1] Beasley claims that his injuries include

---

[1] Section 1125 reads in relevant part:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which —
>
> (A) is likely to cause confusion, or to

2

"not [being] able to develop a website under the name of [his] original group the Ebonys." [Id.] "When [his] group of the Ebonys are performing, William Howard sends notice and contact[s] other venues not to hire [Beasley] and [his] original Ebonys group." [Id.] Beasley alleges that this prevents him from "making a living" with the group.

Beasley requests that the Court vacate Howard's ownership of the trademark in question and grant $500,000 in damages to Beasley "in monetary compensation for jobs, performances, and endorsements lost as a result of trademark and ownership conflicts" with respect to the group. [Id.] He also seeks leave to register ownership of the trademark with the United

---

cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).

3

States Patent and Trademark Office ("USPTO").

In his Motion to Dismiss [Docket No. 8], Howard argues that the suit is barred by the doctrines of claim and issue preclusion, as well as by Section 1064 of the Lanham Act.[2] Specifically, Howard argues that this action "raises the same issues and claims that were (or should have been) previously litigated in" two prior actions. The first prior action (the "First Action") was David S. Beasley v. William H. Howard DBA The Ebonys, Cancellation No. 92057071, 2014 WL 7736473 (Trademark Tr. & App. Bd. Dec. 9, 2014). The second prior action (the "Second Action") was David S. Beasley v. William H. Howard DBA The Ebonys, Cancellation No. 92066369, 2018 WL 529919 (Trademark Tr. & App. Bd. Jan 19, 2018).

On April 18, 2013, Beasley filed with the Trademark Trial and Appeal Board ("TTAB") the First Action, a Petition to Cancel Howard's THE EBONYS registration. TTAB notified Beasley that his Petition — which included as grounds for cancellation that "William Howard is not a [sic] original member or on any original recording of the Ebonys singing/performing group that was formed in 1969" and that "William Howard should not perform

---

[2] Section 1064 precludes a person from filing a petition to cancel a registration of a mark after the mark has been registered for more than five years, unless certain exceptions apply. See 15 U.S.C. § 1064. In light of the decision to dismiss this case on grounds of claim preclusion, the Court need not, and does not, address this defense.

4

under this name" – did not conform with TTAB requirements. Thereafter, Beasley filed an Amended Petition on July 8, 2013, which set forth the following factual allegations:

1. The Ebonys were formed in 1969 by David Beasley/petitioner and consist of three vocalists including himself; James Tuten (deceased)[,] Clarence Vaughn and Jennifer Holmes.

2. The Ebonys were officially signed with Assorted Music Records dba Philadelphia International Records in January 1971 and continue to receive quarterly royalty statements.

3. Registrant was not and is not an original member or performed on any original live recordings of The Ebonys singing/performing group.

4. David Beasley/petitioner registered "The Ebonys" with the State of New Jersey as Class 041 in 1997.

5. David Beasley/petitioner continues to manage goods and services involving the name "The Ebonys". David Beasley/petitioner manages entertainment services in the nature of live performances by vocalist; entertainment in the nature of vocal music groups; and live performances by musical groups.

6. David Beasley/petitioner never relinquished in writing or verbally his rights of the "The Ebonys" name to registrant, any other individual and/or group to provide profit to themselves for services or goods.

7. David Beasley/petitioner continues with on-going projects as an original member/owner of the "The Ebonys".

[Docket No. 8, Attach. No. 5.]

Based on the above facts, Beasley alleged that Howard obtained the trademark by fraud on the United States Patent and Trademark Office ("USPTO"). On December 9, 2014, the TTAB

5

dismissed the First Action.

More than two years later, on June 28, 2017, Beasley filed the Second Action with the TTAB, seeking to cancel the same trademark. In addition to fraud, Beasley posited that the mark should be cancelled because of a likelihood of confusion as well as Beasley's priority of use. On August 7, 2017, Howard filed a Motion for Summary Judgment based on claim and issue preclusion. On January 19, 2018, the TTAB granted Howard's motion, finding that all of Beasley's allegations in the Second Action were precluded either because they were actually litigated or because they should have been litigated in the First Action. The TTAB concluded that the fraud claim had been adjudicated in the First Action and since the new claims were "based on the same transactional facts as, [they] should have been litigated, in the [First Action]." [Docket No. 8, Attach. No. 4.]

Despite a right to do so, Plaintiff did not appeal the TTAB's decisions in either the First or Second Actions. Instead, approximately fifteen months later, on April 25, 2019, Beasley filed the present Complaint [Docket No. 1]. Howard filed his Motion to Dismiss [Docket No. 8] on June 11, 2019. Beasley filed a Motion to Vacate Defendant's Motion to Dismiss [Docket No. 10], which the Court will treat as his opposition to the Motion to Dismiss, on July 3, 2019. Howard timely filed his Reply [Docket No. 13] on July 10, 2019. Howard subsequently

filed a Supplemental Brief [Docket No 14], which opposes the Motion to Dismiss, on July 11, 2019. Also pending in this case are Beasley's Motion for Summary Judgment [Docket No. 15] and Howard's Motion to Stay that Motion [Docket No. 19]. Based on the analysis below, the Court will grant the present Motion to Dismiss, thereby rendering the other pending motions moot.

## JURISDICTION

The Court exercises subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, since this claim arises under a federal statute, the Lanham Act.

## DISCUSSION

### A. Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, the district court shall conduct a three-step analysis. See Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). "Second, the court should identify allegations that, 'because they are no

more than conclusions, are not entitled to the assumption of truth.'" Id. (quoting Iqbal, 556 U.S. at 679). Finally, the court should assume the validity of any well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 556 U.S. at 679).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.,

181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).  "The defense of claim preclusion, however, may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision." Toscano v. Conn. Gen. Life Ins. Co., 288 Fed. App'x 36, 38 (3d Cir. 2008).  "Specifically, a court may take judicial notice of the record from a previous court proceeding between the parties." Id.  The party raising the affirmative defense has the burden of establishing it.  Id.

Moreover, the Third Circuit has explained that a motion to dismiss based on an affirmative defense such as res judicata is proper if the application of res judicata is apparent on the face of the complaint. Ryocline Prods., Inc. v. C&W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997).  But a court may properly look beyond the face of the Complaint to public records, including judicial proceedings, to resolve a 12(b)(6) motion.

9

**B. Res Judicata**

Howard asserts that this case must be dismissed because it is barred by both claim and issue preclusion, collectively known as res judicata.[3] United States v. 5 Unlabeled Boxes, 572 F.3d 169, 174 (3d Cir. 2009) ("Collateral estoppel customarily refers to issue preclusion, while res judicata, when used narrowly, refers to claim preclusion. This court has previously noted that 'the preferred usage' of the term res judicata 'encompasses both claim and issue preclusion.'" (quoting Venuto v. Witco Corp., 117 F.3d 754, 758 n.5 (3d Cir. 1997))). Because the Court will grant Howard's Motion to Dismiss on the grounds that claim preclusion applies, it need not address Howard's other arguments.

**1. Claim Preclusion**

Claim preclusion bars "repetitious suits involving the same cause of action once a court of competent jurisdiction has

---

[3] Beasley's Response contends that res judicata does not apply because he asserts in this forum a new claim alleging that Howard committed the criminal act of theft by deception. First, new claims may not be raised in a brief filed in response to a motion to dismiss. Even if procedurally correct, a violation of a state criminal statute does give rise to a civil tort claim unless the statute allows it or a state civil analog exists. To the extent Plaintiff may assert a state law civil tort claim based on theft, deception or fraud committed on third parties, such a claim could have been raised earlier and is therefore encompassed within the doctrine of res judicata. Lastly, even if such a claim were viable, the Court would decline to exercise supplemental jurisdiction over a state-law claim upon the dismissal of the Lanham Act claims.

entered a final judgment on the merits." United States v. Tohono O'Odham Nation, 563 U.S. 307, 315 (2011). It requires a showing that (1) there has been a final judgment on the merits in a prior suit, which involved (2) the same claim and (3) the same parties or their privies. 5 Unlabeled Boxes, 572 F.3d at 174. As for the second element, the claims need not be identical in the two suits for preclusion to apply. See Corestates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194 (3d Cir. 1997). In other words, claim preclusion bars "not only claims that were brought in a previous action, but also claims that could have been brought." In re Mullarkey, 546 F.3d 215, 225 (3d Cir. 2008).

The first element of claim preclusion is that there was a final judgment on the merits. Both the granting of a motion to dismiss and the granting of summary judgment constitute final judgments on the merits. See Adufemi v. City of Philadelphia, 445 Fed. App'x 610, 610 (3d Cir. 2011) (unpublished) (noting that the granting of a motion to dismiss "easily satisfie[s]" the final judgment on the merits element); Gupta v. Wipro Ltd., 749 Fed. App'x 94, 96 (3d Cir. 2018) (unpublished) (holding that the granting of summary judgment satisfies the final judgment on the merits element); Hubicki v. ACF Indus., Inc., 484 F.2d 519, 524 (3d Cir. 1973) (same).

Additionally, adjudications by federal administrative

tribunals, such as the TTAB, are accorded preclusive effect by federal courts as long as the tribunal acted "in a judicial capacity," resolved issues properly before it, and provided the party against whom estoppel is asserted with a full and fair opportunity to litigate his claims.  Edmundson v. Borough of Kennett Square, 4 F.3d 186, 192 (3d Cir. 1993); see also B&B Hardware, Inc. v. Hargis Indus., Inc., 575 U.S. 138, 148 (2015) (applying issue preclusion to a TTAB decision).  Here, those requirements were met by the TTAB's two decisions.

Therefore, the first element of claim preclusion is satisfied for both the First Action, in which the TTAB granted Howard's motion to dismiss, and the Second Action, in which the TTAB granted Howard's motion for summary judgment.  As noted previously, neither decision was appealed.  Both actions thus constitute final judgments on the merits.

The second element of claim preclusion requires that the action in question be based on the same cause of action as the previous final judgment on the merits.  As noted above, this bars claims that were actually brought as well as those that could have been brought in the prior action.  In determining whether this element has been met, courts look for similarities in the acts complained of and the facts alleged, the relief being sought, the theory of recovery, and the evidence necessary for trial.  Davis v. Wells Fargo, 824 F.3d 333, 342 (3d Cir.

2016).

In the present case, Beasley asserts that (1) he originally founded "The Ebonys" on January 25, 1969, (2) Howard was a temporary member of group and knew that Beasley had founded the group, (3) Howard eventually left the group and then obtained a registered trademark for ownership of "The Ebonys," (4) Beasley had originally registered the group in New Jersey in 1969, (5) Howard committed fraud upon the USPTO so that it would believe that he was the creator and founder of the group, and (6) as a result of Howard's actions, Beasley has lost out on business opportunities including gigs, endorsement deals, and others. Beasley seeks cancellation of Howard's registration based on priority of use and fraud.[4]

These facts and legal theories were all actually litigated in the Second Action. There is no discernable difference between what Beasley alleges in the present case and what he alleged in the Second Action. Moreover, although Beasley did

---

[4] Beasley also seeks $500,000 in monetary damages. To the extent that he seeks to argue that, because he seeks a remedy in this action that he did not seek in the previous actions, claim preclusion should not apply, the Court disagrees. All of the elements of claim preclusion are still met here even if the remedy sought is new: there was a final judgment on the merits that involved "an essential similarity of the underlying events" and the same parties. See United States v. Athlone Indus., Inc., 746 F.2d 977, 984 (3d Cir. 1984). The monetary remedy sought by Beasley in no way precludes the Court from granting Howard's Motion to dismiss.

not argue expressly priority of use in the First Action, it is clear that he could have raised that argument at that time.  As a result, there can be no doubt that the second element of claim preclusion is also satisfied here.

Finally, the third element of claim preclusion, which requires that the same parties from the past action be involved in the present action, is also satisfied.  The parties in the present suit are identical to the parties in both the First and Second Actions.

Therefore, because the First and Second Actions both constitute final judgments on the merits and involved the same claims and the same parties, the present suit is barred by the doctrine of claim preclusion.  On that basis, the Court will grant Howard's Motion to Dismiss.

## CONCLUSION

The Court is not without some sympathy for the Plaintiff.  If any of the facts alleged in his Complaint are true, it might appear inequitable for an original and founding member of "The Ebonys" to lose the trademark to a late coming invitee to a reincarnation of the original group.  But this Court lacks the authority under longstanding doctrine regarding the finality of judgments to allow those claims to be re-litigated here.  Plaintiff's remedy, if the decisions of the TTAB were worthy of review, was to appeal them, a course he chose not to follow.

Accordingly, the Court will grant Howard's Motion to Dismiss [Docket No. 8] and dismiss or deny the remaining pending motions.  An accompanying order will issue.


January 8, 2020              s/Noel L. Hillman
DATE                         NOEL L. HILLMAN, U.S.D.J.