[Doc. No. 26]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DAVID BEASLEY,<br><br>                    Plaintiff,<br>    v.<br><br>WILLIAM H. HOWARD,<br><br>                    Defendant. | Civil No. 19-11058 (NLH/MJS)<br><br>**ORDER** |

This matter having been brought before the Court by Henry Gabathuler, Esquire, counsel for plaintiff for an Order allowing John L. Welch, Esquire and Martin B. Schwimmer, Esquire to appear and participate *pro hac vice*; and the Court having considered the moving papers; and there being no opposition to this application; and for good cause shown pursuant to Local Rule 101.1(c), United States District Court for the District of New Jersey;

It is this **8th** day of **February, 2022,** hereby

**ORDERED** that Martin B. Schwimmer, Esquire, a member in good standing of the bar of the State of New York be permitted to appear *pro hac vice* in the above-captioned matter in the United States District Court for the District of New Jersey pursuant to Local Rule 101.1(c); provided, however, that all pleadings, briefs and other papers filed with the Court shall be signed by Henry Gabathuler, Esquire, who is a member in good standing with the Bar of the Supreme Court of New Jersey and the Bar of this Court, who

shall be held responsible for said papers and for the conduct of the case, and who shall be present before the Court during all phases of this proceeding, unless expressly excused by the Court, as well as be held responsible for the conduct of the attorney admitted *pro hac vice* pursuant to this Order[1]; and it is further

**ORDERED** that, pursuant to L. Civ. R. 101.1(c)(2), Martin B. Schwimmer, Esquire, shall pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with New Jersey Court Rule 1:28-2 within twenty (20) days from the date of the entry of this Order, and this payment shall be made for any year in which the admitted attorney continues to represent a client in a matter pending in this Court; and it is further

**ORDERED** that, pursuant to L. Civ. R. 101.1(c)(3), Martin B. Schwimmer, Esquire, shall make a payment of $150.00 on each admission, payable to the Clerk, United States District Court; and

---

[1] The Court notes that the application also seeks to admit Mr. Welch *pro hac vice*. Mr. Welch is admitted to practice in the Commonwealth of Massachusetts and the courts listed in paragraph 2 of his certification. Mr. Welsh is also admitted to the Bar of the State of New York but is currently suspended for nonpayment of bar membership dues. Id. at ¶ 3. Local Civil R. 101.1 provides "[a]ny member in good standing of the bar of any court of the United States or of the highest court of any state, who is not under suspension or disbarment by any court and is ineligible for admission to the bar of this Court under L.Civ.R. 101.1(b), may in the discretion of the Court, on motion, be permitted to appear and participate in a particular case." Accordingly, due to the current suspension in New York due to nonpayment of bar membership dues, the motion to admit Mr. Welch is **DENIED** without prejudice.

it is further

**ORDERED** that Martin B. Schwimmer, Esquire, shall be bound by the General and Admiralty Rules of the United States District Court for the District of New Jersey, including but not limited to the provisions of Local Rule 103.1, <u>Judicial Ethics and Professional Responsibility</u>, and Local Rule 104.1, <u>Discipline of Attorneys</u>; and it is further

**ORDERED** that, pursuant to L. Civ. R. 101.1(c)(4), Martin B. Schwimmer, Esquire, shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey Court Contingency Fee Rule, Rule 1:21-7, as amended.

s/ Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge