```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
 _____
|                              |
| David Beasley,               |   No. 1:19-cv-11058-NLH-MJS
|                              |
|           Plaintiff,         |   OPINION
|                              |
|      v.                      |
|                              |
| William Howard,              |
|                              |
|           Defendant.         |
|_____|
```

**APPEARANCES**:

HENRY A. GABATHULER
MARTIN B. SCHWIMMER
LEASON ELLIS LLP
ONE BARKER AVENUE
FIFTH FLOOR
WHITE PLAINS, NY 10601

   *On behalf of Plaintiff.*

KARIN COGER
COGER LAW FIRM
525 RT 73 NORTH
STE 104
MARLTON, NJ 08053

   *On behalf of Defendant.*

**HILLMAN**, **District Judge**

   Now before the Court is Defendant's motion to dismiss Plaintiff's federal trademark claims. In accordance with the Third Circuit Court of Appeals' remand in this matter, this

Court now denies Defendant's motion to dismiss with respect to Plaintiff's claim under 15 U.S.C. § 1125(a).

## BACKGROUND

The Court will presume the parties' familiarity with the factual background in this case, previously set forth in its January 9, 2020 opinion (ECF 20) and the Third Circuit's September 17, 2021 opinion, Beasley v. Howard, 2021 WL 4233947 (3d Cir. Sept. 17, 2021), and will not repeat facts beyond those necessary to its holding today.

The Complaint in this action, filed on April 25, 2019, consists of six handwritten pages detailing Plaintiff's history in creating the mark "The Ebonys" and Plaintiff's belief that Defendant wrongfully registered the mark in 2011 and tried to use it as his own. (ECF 1 at 3).  Plaintiff's principal contentions are that Defendant defrauded the U.S. Patent and Trademark Office ("PTO") and that Defendant harmed Plaintiff's ability to profit from using the mark "The Ebonys".  (Id. at 3-4).

While Plaintiff does not cite to a specific code section as the basis for his action, he states that the basis for this Court's jurisdiction is "Lanham Act False and Misleading Statement of Facts And Protection of an unregistered Trademark First use in commerce of 50 years continual use [sic]." (Id. at 2).  Plaintiff asks for the Court to "vacate" Defendant's

2

trademark registered with the PTO and for the Court to award $500,000 "in monetary compensation for jobs, performances, and endorsements lost as a result of trademark and ownership conflicts." (Id. at 4).  Plaintiff also asks that the Court "permit" him to register his mark with the PTO. (Id.)  This Court previously granted Defendant's motion to dismiss on the basis that Plaintiff had already brought his grievances before the Trademark Trial and Appeal Board and that the instant Complaint was barred on the basis of claim preclusion (ECF 20 at 14).

On appeal, the Third Circuit held that the doctrine of issue preclusion applied to Plaintiff's fraud claims against Defendant and "affirm[ed] the District Court's order to the extent it dismisse[d] any claim that Howard defrauded the PTO." Beasley, 2021 WL 4233947 at *8.  However, with respect to the Court's order that Plaintiff's other infringement claims were precluded, the Third Circuit reversed and remanded the Court's order for further consideration.  Id. at *7-8.

## DISCUSSION

### I. Subject Matter Jurisdiction

This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331.

### II. Standard for Rule 12(b)(6) Motion to Dismiss

3

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than

4

conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice.

5

S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

### III. Analysis

Plaintiff's handwritten, *pro se* complaint lacks the targeted and clear pleading that is expected of pleadings drafted by attorneys. However, courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (internal quotation marks omitted). See also Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) ("[The Court will] apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name."). But while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints

6

to support a claim," Owens v. Armstrong, 171 F. Supp. 3d 316, 328 (D.N.J. 2016) (quoting Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013)), and *pro se* litigants are not exempt from complying with federal pleading standards. See Thakar v. Tan, 372 F. App'x 325, 328 (3d Cir. 2010). As a practical matter this "means that a pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Brown v. Dep't of Corr., PA, 2006 WL 895039, at *2 (W.D. Pa. Mar. 29, 2006) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

Other courts outside this Circuit have also made clear that the less stringent pleading standard requires a court to look more holistically at the pleadings to determine whether a plaintiff proceeding *pro se* could theoretically prevail on his or her claims. See, e.g., United States v. $9,020.00 In U.S. Currency, 30 F. App'x 855, 858 (10th Cir. 2002) ("This court has stated that liberal construction of pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.") (internal quotation marks omitted); Frengler v.

7

Gen. Motors, 482 F. App'x 975, 977 (6th Cir. 2012) (Basing its holding that a *pro se* complaint warranted dismissal on the fact that the complaint appeared to be "without any suggestion of a cause of action" rather than the sloppy styling of the complaint).

The Court holds that under the more liberal pleading standards for *pro se* litigants, Plaintiff has stated a claim for relief under 15 U.S.C. § 1125(a) of the Lanham Act.[1]  While Plaintiff's complaint does not cite to the statutory provision by its code number, Plaintiff makes clear that he is suing under the "Lanham Act" to protect "an unregistered trademark" for "false and misleading statement of facts." (ECF 1 at 2).  This statement closely mirrors the title of 15 U.S.C. § 1125 which reads "False designations of origin, false descriptions, and dilution forbidden." 15 U.S.C.A. § 1125.  Given that this section is the vehicle used by owners of unregistered trademarks to assert infringement claims, Parks LLC v. Tyson Foods, Inc, 863

---

[1] Notably, Defendant only explained in his motion to dismiss how the legal theories of claim preclusion, issue preclusion, and incontestability of his mark applied to the facts of this case. (See generally ECF 8).  While he recited the standard to dismiss a motion under Rule 12(b)(6), (Id. at 5), he did not explain how the Complaint fell short of that standard.  Defendant bears the burden to show that no claim has been stated and has not met that burden here. Powell v. Subaru of Am., Inc., 502 F. Supp. 3d 856, 874 (D.N.J. 2020) ("The party moving to dismiss under 12(b)(6) bears the burden of showing that no claim has been presented.")(internal quotation marks omitted).

8

F.3d 220, 226 (3d Cir. 2017) ("Section 1125(a)(1)(A) prohibits 'false or misleading' claims that are 'likely to cause confusion, or to cause mistake, or to deceive as to ... the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person[.]' That provision is 'the foremost federal vehicle for the assertion of ... infringement of ... unregistered marks, names and trade dress[.]'"), and that the rest of the Complaint appears to be driving at a claim under 15 U.S.C. § 1125(a)(1)(A), the Court will construe the Complaint as trying to state a claim under that provision. See Dluhos, 321 F.3d at 369 ("[The Court will] apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name.")

To prove trademark infringement under 15 U.S.C. § 1125(a)(1)(A) "a plaintiff must demonstrate that (1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion[.]" Belmora LLC v. Am. Priv. Label Prod., LLC, 2020 WL 10181735, at *3 (D.N.J. May 12, 2020). "[T]he owner of an unregistered mark has the burden of proving the existence of a protectable mark." Parks LLC v. Tyson Foods, Inc, 863 F.3d 220, 226 (3d Cir. 2017) (internal alterations omitted). In this case, to plead the first element Plaintiff has to show that the mark "The Ebonys" has some

9

acquired some meaning that specifically refers to his musical group. E.T. Browne Drug Co. v. Cococare Prod., Inc., 538 F.3d 185, 192 (3d Cir. 2008) (explaining that if the unregistered mark "refers to one source or producer of that product, the term is not generic (*i.e.,* it is descriptive, suggestive, or arbitrary or fanciful)" it could be eligible for protection); ERBE Elektromedizin GmbH v. Canady Tech. LLC, 629 F.3d 1278, 1287 (Fed. Cir. 2010) ("A mark is afforded trademark protection if it is descriptive and has acquired secondary meaning.")  The Court holds that Plaintiff has pled this element in that he outlined that in 1969 he "signed [his] group to record label and recorded albums under the name Ebonys [*sic*] [.]" (ECF 1 at 3). The Court believes that this is enough to show that the mark in question is eligible for legal protection.

The second element requires that Plaintiff plead that he owns the mark, "The Ebonys." "With respect to ownership of unregistered marks, the first party to adopt a trademark can assert ownership rights, provided it continuously uses it in commerce." Scibetta v. Slingo, Inc., 2018 WL 466224, at *16 (D.N.J. Jan. 17, 2018); Ford Motor Co. v. Summit Motor Prod., Inc., 930 F.2d 277, 292 (3d Cir. 1991).  Plaintiff has so pled. The Complaint reads, "the Ebonys have been performing since I started the group fifty years ago.  For fifty consecutive years my group the Ebonys have been performing [*sic*] [.]" (ECF 1 at

10

3). Plaintiff also states that Defendant only filed for trademark protection of the mark in 2011. (Id.) The Court holds that this statement is enough to plead that Plaintiff was the first to adopt the mark and that he used it continuously in commerce.

The third element deals with whether Defendant's use of the mark has caused "confusion." "A likelihood of confusion exists when consumers viewing the mark would probably assume its association with the source of a different product or service identified by a similar mark." Belmora LLC, 2020 WL 10181735 at *3 (internal quotation marks omitted). The Complaint alleges that Plaintiff cannot create a website under the name "The Ebonys" although he performs under the name and that Defendant's practice of contacting venues where Plaintiff's group is set to play to keep the venues from hiring them has hindered Plaintiff's business. (ECF 1 at 4). Confusion in the marketplace concerning who the true owner of the mark is or what set of group of singers and musicians is actually performing at any given show satisfies the third element.

Moreover, confusion is almost a foregone conclusion when the marks are identical. See Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 195 (3d Cir. 1990) ("Thus, likelihood of confusion is inevitable, when, as in this case, the identical mark is used concurrently by unrelated

11

entities."); E.A. Sween Co. v. Deli Exp. of Tenafly, LLC, 19 F. Supp. 3d 560, 569 (D.N.J. 2014) ("Put most simply, confusion is likely because Defendant has used a mark almost identical to Plaintiffs valid and legally protectable mark."). Under the less stringent standard for *pro se* litigants, the Court holds that Plaintiff has pled a plausible Lanham Act violation.[2]

## CONCLUSION

For the reasons expressed above, Defendant's motion to dismiss the Complaint [ECF 8] will be denied.

An appropriate Order will be entered.


Date: August 17, 2022          s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

[2] As stated in the Background section the relief Plaintiff is seeking is cancellation of Defendant's mark, permission to register the mark himself with the PTO, and for $500,000 in monetary damages.  While there may be a question as to whether Plaintiff's requested remedy of cancellation is time-barred, see 15 U.S.C. § 1064, Plaintiff also seeks injunctive relief and monetary damages if he prevails on his claim. Id. at §§ 1116, 1117.

12