Karin Y. Coger
COGER LAW FIRM LLC
525 Route 73 North, Suite 104
Marlton, New Jersey 08053
Phone: (856) 832-2476
Fax: (856) 832-2467
karincoger@cogerlawfirm.com

*Attorney for Defendant William H. Howard*

| | |
|---|---|
| DAVID BEASLEY,    ) | |
| ) | |
| Plaintiff,    ) | Civil Action No. |
| ) | 19-cv-11058-NLH-JBS |
| v.    ) | |
| ) | |
| WILLIAM H. HOWARD,    ) | |
| ) | |
| Defendant.    ) | |
| ) | |

## ANSWER TO AMENDED COMPLAINT

Defendant William H. Howard ("Howard"), by and through his undersigned counsel, hereby responds to the Amended Complaint filed by Plaintiff David Beasley ("Beasley"). For convenience, the language of each specific numbered paragraph in the Amended Complaint is followed by Defendant's response. Defendant admits, denies, and alleges as follows:

## THE PARTIES

1.    Plaintiff David Beasley ("Beasley") is an individual residing at 1105 MacArthur Drive, Camden, New Jersey 08104.

**Answer: Defendant Howard lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies those allegations.**

2.    Defendant William H. Howard ("Howard") is an individual residing at 104 S. Glenwood Avenue, Aldan, Pennsylvania 19018.

**Answer: Defendant Howard admits the allegations of Paragraph 2.**

## JURISDICTION AND VENUE

3.      This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

1338(a) and (b), and pursuant to the doctrine of supplemental jurisdiction as codified in 28

U.S.C. § 1367.

**Answer: Defendant Howard admits the allegations of Paragraph 3**

4.      This court has personal jurisdiction over Defendant Howard because he purposefully

availed himself of the privilege of conducting business in this state, he invoked the benefits and

protections of the laws of this state, and his actions in this state resulted in injury to Plaintiff

Beasley.

**Answer: Defendant Howard admits that this Court has personal jurisdiction over him and**

**denies the remaining allegations of Paragraph 4.**

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

**Answer: Defendant Howard admits the allegations of Paragraph 5.**

## INTRODUCTION AND BACKGROUND

6.      Plaintiff Beasley founded the musical group THE EBONYS in 1969 and began use of the

mark and name THE EBONYS as a trademark in connection with musical performances and

musical recordings at that time. The sound of THE EBONYS is that of soulful ballads, featuring

a baritone lead and backing falsetto, similar in sound to groups such as the O'Jays, and Harold

Melvin and the Bluenotes.

**Answer: Defendant Howard lacks knowledge or information sufficient to form a belief as**

**to the truth of the allegations in Paragraph 6, and therefore denies those allegations.**

7.      Beasley and THE EBONYS have been performing and offering recorded music under this name for fifty years. THE EBONYS recorded their first hit on Philadelphia International Records, working with the legendary duo, Leon Huff and Kenny Gamble. The two biggest hits by THE EBONYS were "You're The Reason Why" (number 10 on the R&B charts in 1971) and "It's Forever" (number 14 on the R&B charts in 1973). The original recordings by THE EBONYS have been available for purchase from the 1970s through this day.

**<u>Answer</u>: Defendant Howard lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies those allegations.**

8.      Excerpted below is a screenshot from the Spotify music service, displaying songs from THE EBONYS. "You're The Reason Why" and "It's Forever" are identified as the most popular songs from the group:

[image omitted]

**<u>Answer</u>: Defendant Howard lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies those allegations.**

9.      More than 25 years after he created THE EBONYS, Beasley hired Howard to perform with the group. Unbeknownst to Beasley, and without his authorization, Howard – despite his knowledge that Beasley had created and named the group, and despite his knowledge that the original recordings of THE EBONYS were still being sold – applied to register the name THE EBONYS as a trademark with the U.S. Patent and Trademark Office. Howard received a federal registration in 2012.

**Answer:** **Defendant Howard admits that Beasley hired Howard to perform with Beasley. Defendant Howard also admits that he received a federal trademark registration in 2012, but denies the remaining allegations of Paragraph 9.**

10.     In about 2000 Howard began performing with his own group under the identical name, THE EBONYS.

**Answer:** **Defendant Howard denies the allegations of Paragraph 10.**

11.     Over the years Howard has on numerous occasions knowingly and falsely referred to himself as the founder of THE EBONYS and has falsely referred to his group as the "original" version of the EBONYS. Howard has falsely associated himself and his group with Beasley and Beasley's hit recordings.

**Answer:** **Defendant Howard denies the allegations of Paragraph 11.**

12.     Howard recorded a song entitled "That's Forever," knowing that "It's Forever" is one of the two hits most closely associated with THE EBONYS.

**Answer:** **Defendant Howard admits that he recorded a song entitled "That's Forever" and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and therefore denies those allegations.**

13.     Howard has repeatedly attempted to block Beasley from using the name THE EBONYS in connection with Beasley's musical group by contacting third parties and claiming exclusive rights in the name. Some of those attempts have been successful in that the party contacted declined to hire Beasley's group.

**Answer:** **Defendant Howard admits the allegations of Paragraph 13.**

### COUNT I – VIOLATION OF LANHAM ACT SECTION 43(a)

14.     Plaintiff repeats and re-alleges the allegations set forth in all preceding paragraphs.

**Answer: Defendant Howard repeats, and fully incorporates by reference, its answers to all proceeding Paragraphs of the Amended Complaint.**

15.     By reason of his adoption of the mark and name THE EBONYS for musical entertainment performances and recordings, and use of that mark and name since 1969, Beasley is the owner of common law rights in THE EBONYS dating back to 1969. Beasley's rights preempt and supersede any purported rights that Howard claims in the mark THE EBONYS.

**Answer: Defendant Howard denies that Beasley is the owner of common law rights in THE EBONYS and denies the remaining allegations of Paragraph 15.**

16.     Howard's use of the name THE EBONYS in connection with musical entertainment services and recordings constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Howard and his group with Beasley and his musical performances and recordings.

**Answer: Defendant Howard denies the allegations of Paragraph 16.**

17.     Howard's assertions that he is the "founder" of the group THE EBONYS likewise constitute a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Howard and his group with Beasley and his musical performances and recordings.

**Answer: Defendant Howard denies the allegations of Paragraph 17.**

18.     Howard's assertions that his group is the "original" group THE EBONYS constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to

the affiliation, connection, or association of Howard and his group with Beasley and his musical performances and recordings.

**Answer: Defendant Howard denies the allegations of Paragraph 18.**

19.     Howard's use of the name THE EBONYS, his assertions that he is the "founder" of the group THE EBONYS, and his assertions that his group is the "original" group THE EBONYS (including use of THE ORIGINAL EBONYS as a trading name), in connection with musical entertainment services and recordings, constitute misrepresentations of the nature, characteristics, and/or qualities of his entertainment services and recordings under the name THE EBONYS because consumers will mistakenly believe that his services and recordings are those of Beasley's original group THE EBONYS.

**Answer: Defendant Howard denies the allegations of Paragraph 19.**

20.     These actions of Howard were taken willfully, in bad faith, and with full knowledge that Howard was not the owner of exclusive rights in the name THE EBONYS, that Howard was not the founder of the group THE EBONYS, and that Howard's group was not the original group THE EBONYS.

**Answer: Defendant Howard denies the allegations of Paragraph 20.**

21.     These actions of Howard have caused and continue to cause damage to Beasley, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a).

**Answer: Defendant Howard denies the allegations of Paragraph 21.**

## COUNT II – CANCELLATION OF REGISTRATION UNDER LANHAM ACT SECTIONS 14(3) AND 37

22.     Plaintiff repeats and re-alleges the allegations set forth in all preceding paragraphs.

**Answer: Defendant Howard repeats, and fully incorporates by reference, its answers to all proceeding Paragraphs of the Amended Complaint.**

23.     Howard's actions in using the mark that he registered to falsely claim that he is the founder of the group THE EBONYS, his false claim that his group is the original EBONYS, and his interference with Beasley's ability to use the mark and name THE EBONYS for musical performances, constitute misrepresentations of the source of his services, in violation of Section 14(3) of the Lanham Act, 15 U.S. C. § 1064(3).

**Answer: Defendant Howard admits that he is the owner of a federal trademark registration for THE EBONYS but denies the remaining allegations of Paragraph 23.**

24.     Consequently, Howard's U.S. Trademark Registration No. 4,170,469 should be cancelled pursuant to this court's authority under Section 37 of the Lanham Act, 15 U.S.C. § 1119.

**Answer: Defendant Howard denies the allegations of Paragraph 24.**

## COUNT III-FALSE ADVERTISING UNDER LANHAM ACT 43(a)(1)(B)

25.     Plaintiff repeats and re-alleges the allegations set forth in all preceding paragraphs.

**Answer: Defendant Howard repeats, and fully incorporates by reference, its answers to all proceeding Paragraphs of the Amended Complaint.**

26.     Howard's self-serving assertion and belief that Beasley walked away from THE EBONYS, thus gifting Howard with the valuable goodwill in the name, collides with Howard's self-serving association of his group with the use of the word "Original" and his misidentification of his group as that which was founded in 1969 and which created the 70's hits.

**Answer: Defendant Howard admits that Beasley walked away from THE EBONYS but denies the remaining allegations of Paragraph 26.**

27.     Set forth below is an excerpt from a YouTube channel named "The Original Ebonys TV." Upon information and belief this channel, which depicts Howard in its profile photo, was created and is maintained by Howard. The channel depicts videos apparently intended to promote Howard's performances:

[image omitted]

**<u>Answer</u>: Defendant Howard admits the allegations of Paragraph 27.**

28.     Reprinted below is an excerpt from, upon information and belief, Howard's Facebook account at https://www.facebook.com/TheOriginalEbonys:

[image omitted]

This Facebook page, depicting Howard and his group members, uses the term "The Original Ebonys" in its URL. Upon information and belief, Howard uses the Facebook page to promote his goods and services in Commerce. As depicted below, Howard has promoted the Facebook URL in connection with promoting sales of his recordings:

[image omitted]

**<u>Answer</u>: Defendant Howard admits the allegations of Paragraph 28.**

29.     The "intro" portion of the Facebook page refers to the group as "The original group from Camden, NJ, and the source of the hit songs "Your (sic) The Reason Why" and "Forever." Upon information and belief, none of the performers shown are from Camden, NJ. None of the performers performed with David Beasley (except for Howard). None of the performers shown performed on Beasley's hit recordings "You're the Reason Why" and "It's Forever."

**<u>Answer</u>: Defendant Howard admits that the "intro" portion of the Facebook page shown in the Amended Complaint contain the statements alleged but lacks knowledge or**

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29, and therefore denies those allegations.

30.     Additionally, Howard refers to his group as a 70's group. The excerpt below is from Howard's Website at https://www.theebonys.com/?page_id=42:

**Answer: Defendant Howard admits the allegations of Paragraph 30.**

31.      Howard's use of the term "original" and "70's group," along with his references to Beasley's hit songs from the 70's, in addition to implying a false endorsement of Howard's group by Beasley, also constitutes a misleading statement as to quality. By invoking a false connection to Beasley's 70's hits, Howard falsely implies a provenance to his performance. The claim in the excerpt implies that his group is of a quality that records on major labels, produces hits that receive radio play, and can maintain its popularity over 50 years. Howard did not record hits in the 70's and this claim is literally false.

**Answer: Defendant Howard denies the allegations of Paragraph 31.**

32.     The use of the term "original," suggesting that Howard's group is the first, and that it is the same group that used the term in the 70's, is false.

**Answer: Defendant Howard admits that he uses the term "original" but denies the remaining allegations of Paragraph 32.**

33.     As both plaintiff and defendant perform in the "oldies" or "classics" or "retro" segment of the music industry, provenance and experience and authenticity are valued characteristics. Thus, Howard's false claims as to originality are material to customers' decisions in selecting the relevant goods and services.

**Answer: Defendant Howard lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies those allegations.**

34.     The parties are direct competitors, and thus Beasley is directly injured by Howard's false statements, either through diversion of sales, harm to reputation, or by means of Defendant's ill-gotten gain.

**Answer: Defendant Howard denies the allegations of Paragraph 34.**

35.     The actions of Howard constitute a violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

**Answer: Defendant Howard denies the allegations of Paragraph 35.**

## COUNT IV–TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER N.J.S.A. 56:3-13(a) et seq.

36.     Plaintiff repeats and re-alleges the allegations set forth in all preceding paragraphs.

**Answer: Defendant Howard repeats, and fully incorporates by reference, its answers to all proceeding Paragraphs of the Amended Complaint.**

37.     Beasley is the owner of New Jersey Trademark Registration No. 21286 for the mark THE EBONYS for "Entertainment/Singing Group."

**Answer: Defendant Howard lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies those allegations.**

38.     Howard has appropriated for his own use the name THE EBONYS in violation of Section 56:4 of the New Jersey Statutes Annotated, thereby causing injury to Beasley.

**Answer: Defendant Howard denies the allegations of Paragraph 38.**

39.     These actions of Howard were taken willfully, in bad faith, and with knowledge that Beasley owned the trademark THE EBONYS.

**Answer: Defendant Howard denies the allegations of Paragraph 39.**

## COUNT V – COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

40.     Plaintiff repeats and re-alleges the allegations set forth in all preceding paragraphs.

**Answer: Defendant Howard repeats, and fully incorporates by reference, its answers to all proceeding Paragraphs of the Amended Complaint.**

41.     Howard's use of the name THE EBONYS, his assertions that he is the "founder" of the group THE EBONYS, and his assertions that his group is the "original" group THE EBONYS, in connection with musical entertainment services and recordings, constitute trademark infringement and unfair competition, resulting in injury to Beasley, in violation of the common law of trademark infringement and unfair competition.

**Answer: Defendant Howard admits that he uses the name THE EBONYS but denies the remaining allegations of Paragraph 41.**

## COUNT VI –DEFAMATION

42.     Plaintiff repeats and re-alleges the allegations set forth in all preceding paragraphs.

**Answer: Defendant Howard repeats, and fully incorporates by reference, its answers to all proceeding Paragraphs of the Amended Complaint.**

43.     Howard has published a memoir entitled "William 'Smoke' Howard – An Ebony Life Defined" (the "Memoir). Howard's memoir is available for purchase online at Amazon.com (stating a date of publication of April 29, 2022) and is promoted on social media accounts, including Twitter and YouTube, alongside videos promoting Howard's discography.

**Answer: Defendant Howard admits the allegations of Paragraph 43.**

44.     In the Memoir, Howard acknowledges that there is a legal dispute between Mr. Beasley and himself, but Howard misrepresents the status of the dispute, misstates the law, and defames

Mr. Beasley's character, asserting that Beasley acted "illegally" by attempting to exercise his trademark rights while Howard is the purported rightful owner.

**Answer: Defendant Howard admits that he acknowledges that there is a legal dispute Mr. Beasley and himself and that he asserted that Beasley acted "illegally," but denies that he misrepresents the status of the dispute the status of the dispute, denies that he misstates the law, denies any defamation, and denies the remaining allegations of Paragraph 44.**

45.     As an introductory point, Howard asserts that he is represented by counsel (whom he identifies by name), and further that he has received "two favorable decisions," lending an unwarranted authority or validation to his assertions. Memoir at pp. 59-60.

**Answer: Defendant Howard admits that he asserts in the Memoir that he is represented by counsel and that he has received "two favorable decisions" but denies the remaining allegations of Paragraph 45.**

46.     Howard makes various claims in the Memoir that because Howard "owns" the mark, Beasley's exercise of his rights is "illegal." For example. Howard asserts in the Memoir:

. ". . . so in the meantime, David's still got phony Ebony groups out there, even though he knows we own the name legally. So, now we have to send cease and desist letters not only to the phony groups, but also the venues and promoters. The weird part is that David had a couple of people in these groups that he was leasing the name to illegally, asking them to pay so they can use it for whatever number of years, and they were giving him money to use the name, then we have to fight them to stop using it because we own the trademark."

Memoir at pp. 60-61.

**Answer: Defendant Howard admits that Paragraph 46 accurately reproduces a quotation from the Memoir but denies the remaining allegations of Paragraph 46.**

47.     Additionally, Howard asserts in his Memoir:

". . . we maintain a business. Because it is a business (sic). So we do our tax filings and everything like that. David has done none of that."

Memoir at p. 64.

**Answer: Defendant Howard admits that Paragraph 47 accurately reproduces a quotation from the Memoir but denies the remaining allegations of Paragraph 47.**

48.     As mentioned above, Howard states that he has received two favorable rulings, but he omits the subsequent ruling by the U.S. Court of Appeals for the Third Circuit, holding that Plaintiff Beasley stated proper causes of actions in his original Complaint. Ignoring that holding. Howard misstates the status of the case and of the law. He confuses ownership of a trademark registration with ownership of the mark itself. More specifically, he ignores the prior common law rights of Beasley in the name, THE EBONYS, that arose from continuous use of the name since 1969 by Beasley in connection with musical recordings and performances. As the Third Circuit recently made clear, Mr. Howard's rights in the Name, THE EBONYS, are circumscribed by Beasley's prior common law rights. Beasley v. Howard, 14 F.4th 226 (3d Cir. 2021).

**Answer: Defendant Howard admits that he states that he has received two favorable rulings and that he does not mention the subsequent ruling by the Third Circuit. Defendant Howard denies that the Third Circuit held that Beasley stated proper causes of action in his original Complaint, denies that he ignored the holding of the Third Circuit, denies that he misstates the case or the law, denies that Beasley has continuously used the name THE EBONYS since 1969, denies that Beasley has any common law rights to THE EBONYS, and denies the remaining allegations of Paragraph 48.**

49.     Regardless of whether Howard disagrees with the law, he based his attack on Beasley's character on a bad faith characterization of the law and of this dispute. Howard's specific assertion in the Memoir that Plaintiff did not file tax returns in relation to his business is facially

false and stated without any disclosed basis. Additionally, the general assertions that plaintiff "illegally" collects trademark royalties, for "phony" groups, are founded on a misleading basis: a demonstrably wrong statement of the law, a misleading characterization of the prior history of the dispute, and, presumably, on advice of identified counsel. The statements will be understood by readers of the Memoir that plaintiff is dishonest, and that he "illegally" obtains money.

**Answer: Defendant Howard denies the allegations of Paragraph 49.**

50.    The assertions identify Beasley by name and therefore clearly concern him.

**Answer: Defendant Howard admits that he identifies Beasley by name but denies the remaining allegations of Paragraph 50.**

51.    This assertion defames Plaintiff, as it will expose him to contempt. Assertions that Beasley does not pay taxes and seeks money illegally are per se defamatory. Reasonable people understanding the assertion as such will not want to participate in business with the plaintiff or want to purchase his goods and services.

**Answer: Defendant Howard denies the allegations of Paragraph 51.**

52.    Howard's false statements as to Beasley's character, supposedly justified by Howard's misleading characterization of the law and of the dispute, were not made as part of a legal proceeding, and are not privileged.

**Answer: Defendant Howard admits that the statements in the Memoir were not made as part of a legal proceeding, but denies that they are false, and denies the remaining allegations of Paragraph 52.**

53.    Howard's statements about Beasley were made with defendant's actual knowledge that they were false, or were made with a personal malice toward Mr. Beasley, or were made with a reckless disregard of their falsity.

**Answer: Defendant Howard denies the allegations of Paragraph 53.**

54.     The defamatory assertions are contained in the Memoir, which, upon information and belief, were offered for sale on the Amazon website no earlier than April 29, 2022 and remain available for sale to the public at this time.

**Answer: Defendant Howard admits that the Memoir is currently available for sale on Amazon but denies that it contains any defamatory statements and denies the remaining allegations of Paragraph 54.**

55.     Beasley has been proximately injured by the defamatory statements, as the statements impugn his commercial honesty.

**Answer: Defendant Howard denies the allegations of Paragraph 55.**

## COUNT VII - STATE MISAPPROPRIATION OF RIGHT OF PUBLICITY

56.     Plaintiff repeats and re-alleges the allegations set forth in all preceding.

**Answer: Defendant Howard repeats, and fully incorporates by reference, its answers to all proceeding Paragraphs of the Amended Complaint.**

57.     Plaintiff is a citizen of the state of New Jersey.

**Answer: Defendant Howard lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and therefore denies those allegations.**

58.     Beasley is a celebrity for purposes of the right of publicity, as he is an entertainer who utilizes his name and likeness in part of promote his goods and services.

**Answer: Defendant Howard lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and therefore denies those allegations.**

59.     Images of Beasley and his group have been used to promote their recording and performance services. For example, Mr. Beasley is depicted bottom right in this early headshot of The Ebonys:

[image omitted]

**Answer: Defendant Howard lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and therefore denies those allegations.**

60.     Mr. Beasley is depicted far left on this album cover:

[image omitted]

**Answer: Defendant Howard lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and therefore denies those allegations.**

61.     Mr. Beasley's name and likeness are used today to promote his authorized live performances. In fact, Beasley's persona is intertwined with authorized performances of THE EBONYS, to the extent that his birthday celebration promotes such performances:

[image omitted]

**Answer: Defendant Howard lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and therefore denies those allegations.**

62.     As stated above, Defendant Howard maintains and employs various social media services and a website, to promote his goods and services. He reproduces Beasley's name and likeness without authorization. For example, Beasley's name and image is depicted on the Website at https://www.theebonys.com/?page_id=42:

[image omitted]

**Answer: Defendant Howard lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and therefore denies those allegations.**

63.     Printed below is an excerpt from the website gigsalad.com, presumably a directory for performing acts, at https://www.gigsalad.com/the_ebonys_clifton_heights, placed, upon information and belief, by Howard, to solicit gigs for his group. The page invokes plaintiff's name. By falsely stating that Beasley retired, Defendant falsely implies that Beasley endorses Howard's group:

[image omitted]

**Answer: Defendant Howard admits that the image in Paragraph 63 of the Amended Complaint is an excerpt from gigsalad.com, that it was placed by Howard, and that it invokes Plaintiff's name. Defendant Howard denies that any statements therein are false and denies the remaining allegations of Paragraph 63.**

64.     Howard is aware that Beasley did not retire in 2001, and that Beasley not only does not endorse Howard's group, but has asserted in court that Howard's use is infringing.

**Answer: Defendant Howard denies that Beasley did not retire in 2001 and denies the remaining allegations of Paragraph 64.**

65.     Howard has used Beasley's name and likeness to his commercial advantage, specifically, to promote Howard's infringing group.

**Answer: Defendant Howard denies the allegations of Paragraph 65.**

66.     Beasley has not consented to Howard's use. Howard's use of Beasley's name and likeness has continued to the present day despite Howard being on notice of Beasley's rights and Beasley's objections to Howard's actions.

**Answer**: **Defendant Howard denies the allegations of Paragraph 66.**

67.    Howard's appropriation injures Beasley by falsely suggesting Beasley's endorsement or approval of Howard's competitive infringing use.

**Answer**: **Defendant Howard denies the allegations of Paragraph 67.**

68.    The actions of Howard constitute a violation of Plaintiff Beasley's right of publicity, in violation of the law of the State of New Jersey.

**Answer**: **Defendant Howard denies the allegations of Paragraph 68.**

**ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF**

The allegations set forth in the paragraphs requesting relief are in the nature of a prayer. Although no response is required, Defendant denies the allegations in Plaintiff's prayer for relief and denies that Plaintiff is entitled to an award of any relief whatsoever from Defendant or this Court.

**AFFIRMATIVE DEFENSES**

Having fully answered the Amended Complaint and without admitting any facts not above admitted to, Defendant Howard asserts the following affirmative defenses:

1.    Defendant Howard asserts that the Amended Complaint, and each cause of action, fails, in whole or in part, to state a claim upon which relief can be granted or facts sufficient to constitute a cause of action against Defendant.

2.    Defendant Howard asserts that the mark at issues is barred or limited from recovery in whole or in part by the doctrine of trademark abandonment. Specifically, Plaintiff Beasley has no trademark rights in the name THE EBONYS because he abandoned the mark no later than 2001 when he retired from the group and ceased performing in connection with the mark for over ten years.

3.      Defendant Howard asserts that the mark at issues is barred or limited from recovery in whole or in part by the doctrines of claim preclusion and issue preclusion. Specifically, the Trademark Trial and Appeal Board has twice ruled, and the United States Court of Appeals for the Third Circuit as affirmed that Howard federal trademark registration for THE EBONYS (U.S. Registration No. 4,170,469) should not be cancelled on the grounds of fraud on the United States Patent and Trademark Office.

4.      Defendant Howard asserts that the mark at issue is barred or limited from recovery in whole or in part by the doctrines of fair use, nominative fair use, and/or descriptive use.

5.      Defendant Howard asserts that Plaintiff's claims asserting violation of his rights are barred or limited from recovery in whole or in part by the equitable doctrines of estoppel, laches, waiver, and/or acquiescence. Despite Plaintiff having actual notice of Defendant's use of the name THE EBONYS from when he retired from the group in 2001, Plaintiff took no legal action to prevent Defendant's continued use of the name EBONYS until 2013. Since 2001, and at least in partial reliance upon Plaintiff's delay and acquiescence, Defendant did and has continued to perform under the name THE EBONYS.

6.      Defendant Howard asserts that Plaintiff's claims are barred or limited from recovery in whole or in part by the doctrine of unclean hands. Specifically, Plaintiff Beasley retired from THE EBONYS in 2001 and is now seeking to profit from the goodwill and reputation in the name THE EBONYS built by Defendant Howard since that time.

7.      Defendant asserts that Plaintiff has sustained no harm, irreparable or otherwise, due to Defendant's actions.

8.      Defendant asserts that Plaintiff's claims are barred or limited from recovery in whole or in part because Plaintiff's damages, if any, were not caused by Defendant.

9.     Defendant asserts that there has been no damage in any amount, manner, or at all by reason of any act alleged against Defendant in the Complaint and the relief prayed for in the Complaint cannot be granted.

10.     Defendant asserts that Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendant's actions.

11.     Defendant asserts, without admitting that the Complaint states a claim, that any remedies are limited to the extent there is an overlapping or duplicative recovery for any alleged single wrong.

12.     Defendant hereby incorporates by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, Defendant reserves the right to seek leave of court to amend its Answer to Plaintiff's Amended Complaint to specifically assert any such defenses.

13.     Pursuant to Rule 11 of the Federal Rules of Civil Procedure, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon filing of this answer in the Plaintiff's Complaint and Defendant reserves the right to amend its Answer to Plaintiff's Complaint as additional information becomes available or as additional affirmative defenses are revealed in the course of discovery.

### PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Amended Complaint, Defendant prays for judgment as follows:

1.     That the Plaintiff take nothing by reason of its Amended Complaint.

2.     That Plaintiff's claims be dismissed against Defendant with prejudice.

3.   Finding that this is an exceptional case and awarding all attorney's fees incurred by Defendant under 15 U.S.C. § 1117.

4.   For costs and disbursements incurred by Defendant in connection with this lawsuit.

5.   For such other further relief as the Court may deem just and proper.

## COUNTERCLAIMS

Counterclaimant William H. Howard ("Howard"), by and through its undersigned counsel, hereby alleges against Counterclaim Defendant David Beasley ("Beasley") as follows:

## JURISDICTION

1.   1. This Court has subject matter jurisdiction over the following counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to the claims arising under the Lanham Act, 15 U.S.C. § 1051, et seq., and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

2.   This Court has personal jurisdiction over Beasley because Beasley has submitted to jurisdiction of the Court by filing the Amended Complaint.

3.   Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and/or 1400 at least because Beasley filed the Amended Complaint in this District.

## PARTIES

4.   Howard is an individual residing at 104 S. Glenwood Avenue, Aldan, Pennsylvania 19018.

5.   Beasley alleges he is an individual residing at 1105 MacArthur Drive, Camden, New Jersey 08104.

## ALLEGATIONS COMMON TO ALL COUNTERCLAIMS

6.      The musical group "The Ebonys" was founded in 1969 by Beasley and other individuals not a party to this action.

7.      "The Ebonys" as originally constituted disbanded in 1976. After the group disbanded, the original lineup of the group never performed again as "The Ebonys."

8.      Beasley did not perform, by himself or with any others, as "The Ebonys" and he did not actively use THE EBONYS name in commerce from 1976 until the mid-1990s.

9.      On or around 1996, Beasley re-formed "The Ebonys" with several new members. When it was initially re-formed, the group consisted of Beasley, Howard, Herley Johnson, and Romona Lynn Smith. Before any live performances of the group, Johnson and Smith were replaced with Toni Calloway and Nate Cephas. The re-formed group first performed as THE EBONYS on or about April 1998.

10.     Sometime in 2000 or 2001, Beasley left the group for health reasons. The three remaining members and new fourth member, McKensey Crawford, to perform as THE EBONYS without Beasley.

11.     After leaving the group in 2000 or 2001, Beasley had no contact with other members of the group and did not take part in any of the operations of the group. Howard took over all the responsibilities of running the group, such as booking performances, arranging rehearsals, and managing the finances.

12.     After Beasley left the group, Howard wrote or co-wrote several new songs and personally paid the expenses associated with the release of new songs, including the costs of publicity photos, of maintaining the group's website, and of other marketing efforts.

13.     Howard has continued to perform as a member of THE EBONYS and to manage the affairs of the group to the current day. The current lineup of the group consists of Howard, Ken Chaney, Geneva Wilks, and Ray Keniebrew.

14.     Beasley was aware after he left the group in the early 2000s that Howard and other members continued to perform as THE EBONYS and that Howard was managing the affairs of the group.

15.     Because Howard had been performing as THE EBONYS since he became a member of the group in 1997, as well as taking responsibility for managing the group, he decided to file for a federal trademark registration. Howard is the owner of the valid and subsisting U.S. Trademark Registration No. 4,170,469 ("the '469 mark") for THE EBONYS in connection with "Entertainment services in the nature of live performances by singing vocalists; Entertainment in the nature of vocal musical group; Live performances by a musical group" in International Class 041 with a registration date of July 12, 2012. A true and correct copy of the Registration Certificate for the '469 mark is attached hereto as **Exhibit A**.

16.     The '469 mark has been in continuous use by Howard for five consecutive years subsequent to its date of registration and has therefore achieved incontestable status under 15 U.S.C. § 1065.

17.     In 2013, Beasley filed a petition with the Trademark Trial and Appeal Board (TTAB) to cancel the '469 mark, contending that Howard had defrauded the Patent and Trademark Office (PTO) when he filed his application that ultimately resulted in the '469 mark.

18.     The TTAB dismissed the petition the following year, finding that for all the evidence Beasley submitted, he failed to show that Howard defrauded the PTO.

19.     In 2017, Beasley filed a second petition with the TTAB, again asserting that Howard had committed fraud on the PTO, but also requested that the PTO cancel the '469 mark because it could be confused with Beasley's THE EBONY'S mark.

20.     The TTAB dismissed the 2017 petition on the ground of claim preclusion, reasoning that Beasley's 2017 fraud claim rested on the same facts as his 2013 one and that Beasley forwent the opportunity to assert the likelihood-of-confusion claim in his 2013 petition, because it also rested on the same transactional facts as his 2013 fraud claim.

21.     Beasley did not appeal either petition's dismissal.

22.     As a result of performing as a member of THE EBONYS since the mid-1990s and managing the affairs of the group, Howard is the owner of common law trademark rights in THE EBONYS.

23.     Through the efforts of Howard, THE EBONYS mark has acquired substantial fame and goodwill and the relevant consuming public associates THE EBONYS mark with Howard.

24.     Upon information and belief, approximately ten years after having left the group in the early 2000s, Beasley formed another musical group calling themselves "The Ebonys" in 2009 or 2010 and began attempting to book performances his group without the consent or permission of Howard.

25.     Upon information and belief, Beasley also began licensing, without the consent or approval of Howard, the right to use THE EBONYS to other musical groups, including one managed by an individual named Lynn Gross.

26.     None of the members of the actual THE EBONYS managed by Howard are members of any of the unauthorized musical groups created or licensed by Howard.

27.     Upon information and belief, Beasley has been using and continues to use both the name THE EBONYS and photographs of the members of the actual THE EBONYS that Howard has been managing since the early 2000s to promote performances of the unauthorized musical groups formed or licensed by Beasley and to falsely claim that such groups created or licensed by Beasley are somehow affiliated or authorized by Howard.

28.     Beasley's unauthorized use of THE EBONYS has caused and will continue to cause if not enjoined, actual consumer confusion among the relevant consuming public as to whether the groups formed or licensed by Beasley are authorized, endorsed, or sponsored by Howard.

## FIRST COUNTERCLAIM

### Declaratory Relief of Non-Infringement Due to Beasley's Abandonment of THE EBONYS

29.     This is a counterclaim for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

30.     Based on the allegations above, there is an actual and substantial controversy between Howard and Beasley, who have adverse legal interests. Beasley has made clear to Howard that he believes he is the rightful owner of trademark rights in THE EBONYS and that his alleged trademark rights are being infringed by Howard's use of the name THE EBONYS. Howard denies any wrongdoing. The dispute between Howard and Beasley is substantial, definite, concrete and immediate, and not hypothetical.

31.     Beasley's assertions that Howard is violating his legal rights irreparably injures Howard and adversely affects his ongoing ability to book performances for THE EBONYS and  damages the large investment of time and resources Howard has made in THE EBONYS and its attendant goodwill. These assertions will continue to adversely affect Howard's interests and the success of THE EBONYS until they are determined by this Court to lack merit.

32.     Trademark abandonment occurs when a trademark is not used in commerce for an extended period, coupled with an intent by the trademark owner not to resume use. Abandonment extinguishes exclusive rights in the trademark.

33.     When the original incarnation of THE EBONYS disbanded in 1976, Beasley ceased use of THE EBONYS mark with the intent not to resume use. Such cessation of use constitutes abandonment of THE EBONYS mark.

34.     When THE EBONYS was re-formed in the mid-90s, Beasley resumed use of THE EBONYS mark and re-acquired an exclusive right to use the mark, but again abandoned THE EBONYS mark and lost exclusive rights to use the mark when he left the group in the early 2000s.

35.     As such, Howard does not infringe upon Counter-Defendant's trademark rights under Section 43(a) of the Lanham Act, N.J.S.A. 56:3-13(a) et seq, or common law.

36.     Howard denies that his use of THE EBONYS violates Beasley's trademark rights since Beasley abandoned any trademark rights that he might have had when he left the group.

37.     Accordingly, Howard requests that this Court resolve the competing contentions of the parties and declare that Beasley has abandoned any of his exclusive rights to THE EBONYS and that Howard is not liable for trademark infringement or unfair competition for his use of THE EBONYS.

38.     In order to resolve the legal and factual questions raised by Beasley and to afford relief from the uncertainty and controversy that Beasley's assertions have precipitated, Howard is entitled to a declaratory judgment of its rights under 28 U.S.C. §§ 2201–02.

## SECOND COUNTERCLAIM

## Declaratory Relief of Howard's Ownership of Trademark Rights in THE EBONYS

39.     This is a counterclaim for declaratory judgment pursuant to the Federal Declaratory

Judgment Act, 28 U.S.C. §§ 2201, 2202.

40.     Based on the allegations above, there is an actual and substantial controversy between Howard and Beasley, who have adverse legal interests. Beasley has made clear to Howard that he believes he is the rightful owner of trademark rights in THE EBONYS and that his alleged trademark rights are being infringed by Howard's use of the name THE EBONYS. Howard asserts that he is the rightful owner of exclusive rights in THE EBONYS. The dispute between Howard and Beasley is substantial, definite, concrete and immediate, and not hypothetical.

41.     Beasley's abandonment of THE EBONYS mark coupled with the efforts of Howard to continue to perform as a member of THE EBONYS and to manage the groups affairs makes Howard the actual owner of exclusive rights in THE EBONYS, as evidenced by his valid, subsisting, and incontestable federal registration for the '469 mark.

42.     Accordingly, Howard requests that this Court resolve the competing contentions of the parties and declare that Beasley has abandoned any of his exclusive rights to THE EBONYS and that Howard the actual owner of any trademark rights in THE EBONYS as used on connection with musical performances.

43.     In order to resolve the legal and factual questions raised by Beasley and to firmly establish his trademark rights in THE EBONYS, Howard is entitled to a declaratory judgment of its rights under 28 U.S.C. §§ 2201–02.

### THIRD COUNTERCLAIM

### Federal Trademark Infringement Pursuant to Section 32(1) of the Lanham Act

44.     Beasley's unauthorized use in commerce of the '469 mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of services, and is likely to cause consumers to believe, contrary to fact, that the musical acts that Beasley is attempting to book are authorized, endorsed, or sponsored by Howard, or that Beasley's musical acts are in

some way affiliated with or sponsored by Howard. Beasley's conduct therefore constitutes service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

45.     Upon information and belief, Beasley has committed the foregoing acts of infringement with full knowledge of Howard's exclusive rights in THE EBONYS and with the willful intent to cause confusion and to trade on Howard's goodwill.

46.     Beasley's conduct is causing immediate and irreparable harm and injury to Howard, and to its goodwill and reputation, and will continue to both damage Howard and confuse the public unless enjoined by this court. Howard has no adequate remedy at law.

47.     Beasley's acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Howard's rights in THE EBONYS, and with intent to cause confusion and to trade on Howard's vast goodwill in THE EBONYS. In view of the egregious nature of Beasley's infringement, Howard requests and is entitled to injunctive relief as provided by 15 U.S.C. § 1116 and damages pursuant to 15 U.S.C. § 1117, including Beasley's profits, treble damages, reasonable attorney fees, costs, statutory damages, and/or prejudgment interest.

## **FOURTH COUNTERCLAIM**

### **Violations of Section 43(a) of the Lanham Act**

48.     The acts of the Beasley complained of herein constitute trademark infringement, false designation of origin, false or misleading descriptions or representation of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49.     Beasley's unauthorized use in commerce of THE EBONYS as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the musical acts Beasley is attempting to book, and is likely to cause consumers to believe, contrary to fact, that said

musical acts services are authorized, endorsed, or sponsored by Howard, or that the acts are in some way affiliated with or sponsored by Howard.

50.     Beasley's unauthorized use in commerce of THE EBONYS when Howard is the rightful owner of exclusive rights to THE EBONYS and has been performing as member of the EBONYS since the mid-90s and has been managing the affairs of the group since the early 2000s as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

51.     Upon information and belief, Beasley' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Beasley with Howard.

52.     Beasley's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53.     Beasley's continuing attempts to book performances for musical acts called THE EBONYS without the permission of Howard is causing immediate and irreparable harm and injury to Howard and to his goodwill and reputation and will continue to both damage Howard and confuse the public unless enjoined by this court. Howard has no adequate remedy at law for the irreparable harm and injury suffered.

54.     Howard is entitled to, among other relief, injunctive relief and an award of actual damages, Beasley's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## FIFTH COUNTERCLAIM

### Common Law Trademark Infringement

55.     Howard has a protectible interest in THE EBONYS that was acquired when Beasley abandoned use of the mark in the early 2000s.

56.     Beasley's usage of the THE EBONYS in commerce is likely to cause, has caused, and will continue to cause customer confusion.

57.     Accordingly, Beasley has committed common law trademark infringement.

## SIXTH COUNTERCLAIM

### Common Law Unjust Enrichment

58.     Beasley received the benefit of Howard's significant efforts to manage the affairs of THE EBONYS and to establish goodwill in the mark for the last twenty-plus years, as well as the benefit of all of Howard's time and resources spent marketing and promoting the group, under circumstances that would make it unjust for him to retain such benefits without compensating Howard for the same.

59.     Accordingly, the acts of Beasley complained of herein constitute unjust enrichment of Beasley.

## PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, Counterclaimant Howard respectfully requests that this Court enter an Order granting it the following relief:

a.   Issue an order declaring that Beasley has abandoned any trademark rights in THE EBONYS;

b.   Issue an order declaring that Howard's use of THE EBONYS does not infringe upon any of Beasley's rights under the trademark laws of the United States or the State of New Jersey;

c.   Issue an order declaring that Howard is the rightful owner of trademark rights in THE EBONYS as used in connection with musical performances;

d.   Issue an order declaring that Howard has the right to continue to use THE EBONYS in connection with musical performances free from any interference by Beasley, his, agents, attorneys, privies, representatives, successors and assigns, and any and all persons acting in active concert or participation with or under authority from Beasley;

e.   An award of Beasley's profits and Howard's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114(a);

f.   An award of Beasley's profits and Howard's damages in an amount proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

g.   An award of Beasley's profits and Howard's damages in an amount proven at trial for common law trademark infringement;

h.   An award of Beasley's profits and Howard's damages in an amount proven at trial for common law unjust enrichment;

i.   Granting an injunction temporarily, preliminarily, and permanently enjoining Beasley, his employees, agents,  attorneys, successors, affiliates, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    i.   providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, market, advertise or promote any musical acts in connection with THE EBONYS or  any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of THE EBONYS;

    ii.   engaging in any activity that infringes Howard's rights in THE EBONYS;

     iii.    engaging in any activity constituting unfair competition with Howard;

     iv.    engaging in any activity that is likely to dilute the distinctiveness of Howard's

         THE EBONYS mark;

     v.    making or displaying any statement, representation, or depiction that is likely to

         lead the public or the trade to believe that (i) Beasley's musical groups are in any

         manner approved, endorsed, licensed, sponsored, authorized, or franchised by or

         associated, affiliated, or otherwise connected with Howard or (ii) the group THE

         EBONYS is in any manner approved, endorsed, licensed, sponsored, authorized,

         or franchised by or associated, affiliated, or otherwise connected with Beasley;

     vi.    registering or applying to register any trademark, service mark, domain name,

         trade name, or other source identifier or symbol of origin consisting of or

         incorporating THE EBONYS or any other mark that infringes or is likely to be

         confused with THE EBONYS; and

     vii.    aiding, assisting, or abetting any other individual or entity in doing any act

         prohibited by sub-paragraphs i through vii.

j.   Granting such other and further relief as the Court may deem proper to prevent the public

   and trade from deriving the false impression that any musical groups marketed,

   advertised, promoted, or otherwise offered or circulated by Beasley are in any way

   approved, endorsed, licensed, sponsored, authorized, or franchised by or associated,

   affiliated, or otherwise connected with Howard or constitute or are connected with THE

   EBONYS that has been managed by Howard since 2001;

k.   Directing that Beasley recall and deliver up for destruction all advertisements,

   promotions, and related materials incorporating or bearing THE EBONYS or any other

mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of THE EBONYS;

l.   Directing, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), Beasley to file with the court and serve upon Howard's counsel within thirty (30) days after service on Beasley of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Beasley has complied therewith;

m.  Awarding Howard an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a));

n.   Directing that Beasley account to and pay over to Howard all profits realized by his wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Howard for the damages caused thereby;

o.   Awarding Howard punitive and exemplary damages as the court finds appropriate to deter any future willful infringement;

p.   Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), and awarding Howard his costs, disbursements, and reasonable attorneys' fees incurred in this action and such other relief as may be appropriate;

q.   Awarding Howard interest, including prejudgment and post-judgment interest, on the foregoing sums; and

r.   Awarding such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Under Rule 38 of the Federal Rules of Civil Procedure, Defendant/Counterclaimant Howard demands a trial by jury on all issues so triable.

Dated: March 17, 2023                    Respectfully submitted,

                                         */Karin Y. Coger, Esq./*

                                         _____

                                         Karin Y. Coger
                                         COGER LAW FIRM LLC
                                         525 Route 73 North, Suite 104
                                         Marlton, New Jersey 08053
                                         Phone: (856) 832-2476
                                         Fax: (856) 832-2467
                                         karincoger@cogerlawfirm.com

                                         *Attorney for Defendant William H. Howard*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was electronically filed through the CM/ECF

system and thereby, automatically served on all registered parties.

Dated: March 17, 2023                               Respectfully submitted,


*/Karin Y. Coger, Esq./*


_____

Karin Y. Coger
COGER LAW FIRM LLC
525 Route 73 North, Suite 104
Marlton, New Jersey 08053
Phone: (856) 832-2476
Fax: (856) 832-2467
karincoger@cogerlawfirm.com

*Attorney for Defendant William H. Howard*